This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                        **NO. 33,400**

**ELI MUNGIA,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Gary L. Clingman, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
B. Douglas Wood III, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     Defendant appeals from his convictions for aggravated fleeing and felon in possession of a firearm. This Court issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition to this Court's notice of proposed disposition. Having given due consideration to Defendant's arguments, we remain unpersuaded and affirm.

**Aggravated Fleeing**

{2}     Defendant maintains that there was insufficient evidence to support his conviction for aggravated fleeing. Specifically, Defendant argues that the State failed to prove beyond a reasonable doubt that Defendant was aware of law enforcement signals to stop or that he had placed a person's life in danger. [MIO 5] Defendant's argument is unpersuasive.

{3}     Defendant contends that, while there was testimony that he ran a red light while cross-traffic was approaching the same intersection, there was no testimony regarding how close the vehicles were and no expert testimony regarding the likelihood of a collision. [MIO 5] There was, however, testimony by Defendant's passenger that she was scared that they were going to wreck and testimony by the officer that Defendant ran multiple stop signs and almost hit a parked car. [MIO 2] This evidence is sufficient to support the jury's conclusion that Defendant "drove willfully and carelessly in a manner that endangered the life of another person." [RP 57]

2

{4} With respect to Defendant's argument that there was insufficient evidence that he knew the officer had given him a visual or audible signal to stop, this Court proposed to hold that the officer activating his lights and siren, in combination with Defendant's high speed erratic driving and subsequent flight on foot were sufficient to support a reasonable inference that Defendant knew officers were pursuing him. While Defendant argues that more direct evidence should have been presented, the correlations between the officer's engagement of his lights and siren and Defendant's subsequent acts constitute sufficient evidence to support his conviction. *See State v. Allen*, 2000-NMSC-002, ¶ 65, 128 N.M. 482, 994 P.2d 728 (stating that, "[b]ecause an individual's intent is seldom subject to proof by direct evidence, intent may be proved by circumstantial evidence"); *see also State v. Dowling*, 2011-NMSC-016, ¶ 22, 150 N.M. 110, 257 P.3d 930 (recognizing that, when proving intent or knowledge, "it is often the jury's task to glean subjective knowledge from the circumstances of the defendant's act").

**Felon in Possession of Firearm**

{5} Defendant continues to argue that there was insufficient evidence to support his conviction for felon in possession of a firearm. In this Court's calendar notice, we noted that there was testimony that Defendant knew the gun was in the car and that Defendant had handled the gun earlier in the day; therefore, we proposed to conclude

that this was sufficient evidence to establish possession. [CN 7] Defendant does not dispute these facts in his memorandum in opposition. [MIO 8-9] Rather, Defendant contends that there was testimony presented at trial that he was not the owner of the gun, and, therefore, the owner must have been the one to exercise control over the firearm. [MIO 8-9] Defendant's argument is unavailing. The jury was instructed that two people can be in possession of the firearm at the same time [CN 6; RP 59], and Defendant has made no challenge to that instruction. [MIO 8-9] Accordingly, even if the owner exercised control over the firearm, this would not prevent the jury from determining—consistent with its instruction—that Defendant also exercised control over the firearm.

{6} To the degree Defendant argues that trial counsel's and Defendant's recollection of the testimony at trial are different and that, as a result, this matter should be placed on the general calendar, we disagree. Defendant contends that trial counsel recalls the police officer testifying that the firearm was found in the driver-side door, while Defendant remembers the officer's testimony as placing the firearm near the passenger-side door. [MIO 7] However, Defendant does not contest that there was testimony presented that he handled the gun earlier in the day. Thus, regardless of where the gun was located in the vehicle, we conclude that there was sufficient evidence to support Defendant's conviction.

**Cruel and Unusual Punishment**

{7}     Defendant continues to argue that his sentence constitutes cruel and unusual punishment. In this Court's calendar notice, we proposed to hold that Defendant had not demonstrated an Eighth Amendment violation because the sentence was within the statutory limits set by our Legislature, and Defendant did not argue that the statutory limits themselves were unconstitutional, either before this Court or below. [CN 7-9] Defendant concedes these points in his memorandum in opposition. To the degree Defendant continues to argue that the lack of corroboration or substantiation of the testimony renders the sentence of the district court cruel and unusual, Defendant cites no authority for this argument. *See Pickett Ranch, LLC v. Curry*, 2006-NMCA-082, ¶ 45, 140 N.M. 49, 139 P.3d 209 (stating that where no supporting authority for a proposition is cited, this Court may assume that no applicable or analogous authority exists). We therefore conclude that Defendant has not demonstrated that his sentence violates the constitutional prohibition against cruel and unusual punishment. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

{8}     Consequently, for the reasons stated above and in this Court's notice of

proposed disposition, we affirm Defendant's convictions.

**{9}     IT IS SO ORDERED.**

_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**J. MILES HANISEE, Judge**